UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nhut Le and Chai M. Le,                       Civil No. 15-1512 SRN/JJK

        Plaintiffs,

v.                            **REPORT AND RECOMMENDATION**
                                      **FOR *SUA SPONTE* DISMISSAL**
Wells Fargo Bank, NA,              **OF BANKRUPTCY REMOVAL**

        Defendant.

Nhut Le and Chai M. Le, 422 Eldridge Avenue East, Maplewood, MN 55117, pro se plaintiffs; and

No appearance by defendant Wells Fargo Bank, N.A..

This action is before the Court, Magistrate Judge Jeffrey J. Keyes, on *sua sponte* consideration of Plaintiffs' purported removal of this case from the bankruptcy court docket to the Article III district court docket.  Plaintiffs are bankruptcy debtors ("Debtors") and they occupy property that has been foreclosed by Wells Fargo Bank, N.A. ("Wells Fargo").  Plaintiffs commenced a Chapter 13 bankruptcy action by petition filed on May 7, 2013.  ((Doc. No. 1) Notice of Removal, Ex. A.)  In addition, an eviction action and other mortgage foreclosure related cases were commenced and encompassed within the bankruptcy stay.  Various federal court cases and bankruptcy adversary proceedings were subsequently consolidated for all purposes in an action entitled *Nhut Le and Chai M. Le v. Wells Fargo Bank, N.A., et al.*, Civ. No. 13-1920

(SRN/JJK).

In an Order issued April 28, 2014, the bankruptcy case was severed from the consolidated case and the core bankruptcy matter was returned to the Bankruptcy Court.  Also, the eviction matter was remanded to state court.  (Civ. No. 13-1920, Doc. No. 175.)  The judgment was affirmed on appeal.  *Le v. Wells Fargo Bank, N.A.*, 595 Fed. Appx. 661 (8th Cir. 2015) (unpublished opinion).  Wells Fargo then noticed and filed a Motion for Relief from the Automatic Stay in the bankruptcy action, seeking permission to proceed on the state court unlawful detainer action which had been commenced prior to the bankruptcy.

In response to Wells Fargo's motion for relief from the automatic stay, Plaintiff's filed a Notice of Removal  (Doc. No. 1), therein asserting that the motion was a non-core proceeding in bankruptcy and purporting to remove Wells Fargo's motion from the Bankruptcy Court to this Court under 28 U.S.C. §1452(a).[1]  A Bankruptcy Court hearing on Wells Fargo's motion for relief from the automatic stay was held as noticed on March 17, 2015.  An Order Terminating the Automatic Stay was issued on March 20, 2015 (Doc. No. 3)

---

[1] 28 U.S.C. §1452(a) states:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

allowing Wells Fargo to exercise its rights with respect to the described property, including gaining possession of the property from the Debtor occupants.  The Bankruptcy Court, Chief Judge Gregory F. Kishel, accompanied his Order with a memorandum memorializing his explanation to the Debtors as to why the Court refused to recognize the Debtor's "removal" of the pending motion from Bankruptcy Court to another federal court venue as a basis for halting or postponing the motion hearing, and Judge Kishel caused that Order and Memorandum to be docketed in this matter.  (Doc. No. 3.)

Judge Kishel advised the Debtors that 28 U.S.C. § 1452(a) simply does not apply to the posture and venue of the pending proceeding.  The statute does apply to the transfer of a bankruptcy matter to the district court for that same district because the bankruptcy judge is already exercising the authority of the district court by way of reference, and the bankruptcy court is not a separate court in the jurisdictional sense:

> [R]emoval [under 28 U.S.C. § 1452(a)] takes a civil *action* from one court of independent and competent jurisdiction, that is not the federal court with the original jurisdiction over the underlying bankruptcy case, to a federal district court that must have the prerequisites for exercising the bankruptcy jurisdiction in its own right.  The court of origin may be a state court, or even a federal district court other than for the district in which the bankruptcy is venued.
>
> However, removal under 28 U.S.C. § 1452(a) does *not* apply between two federal court units of the same district that may each exercise the original jurisdiction in bankruptcy granted by 28 U.S.C. §§ 1334(a) - (b).  Removal under this statute clearly involves crossing a line drawn by external principles of jurisdiction and venue;

and in the case of two separate court units of the same federal judicial district there is no such line.

((Doc. No. 3) Mem. to Order Granting Relief from Stay to Wells Fargo Bank, N.A. ("Mem.") at 3.)  Judge Kishel noted that the bankruptcy court's authority is based on the reference of 28 U.S.C. § 157(a)[2] and only a district court judge may bring about a transfer of judicial administration within the district by granting a party's request for withdrawal of the reference under 28 U.S.C. § 157(d).[3]  In this instance the Debtors did not use that procedure and therefore, "[n]either the clerk of the bankruptcy court nor a presiding bankruptcy judge had any obligation to honor the Debtor's statutorily-unfounded procedural ploy in any way, or to respond to it as if the Debtors had the unilateral power they falsely asserted." (Mem. 3-4.)

Judge Kishel provided clear and cogent reasoning for proceeding with the

---

[2] 28 U.S.C. § 157(a) states:

Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

[3] 28 U.S.C. § 157(d) states:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

motion for relief from the automatic stay in the bankruptcy proceeding while simultaneously stating grounds for rejecting removal and dismissing this action. 28 U.S.C. § 1452(a) removal does not authorize transfer within the district; Plaintiffs did not properly seek transfer by withdrawal of the reference under 28 U.S.C. § 157(d); and neither the bankruptcy court nor this Court has an obligation to honor an unfounded procedural ploy.  This matter should be dismissed with prejudice.

Based on the foregoing discussion, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED** with prejudice.


Dated: May 4, 2015

    s/*Jeffrey J. Keyes*
Jeffrey J. Keyes
United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 18, 2015, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.